*E-FILED - 4/29/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN WILLIAMS, | ) | No. C 05-1810 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING |
| | ) | RESPONDENT'S MOTION TO |
| vs. | ) | DISMISS; DENYING |
| | ) | PETITIONER'S MOTION FOR |
| | ) | SUMMARY JUDGMENT |
| D.L. RUNNELS, Warden, | ) | |
| | ) | |
| Respondents. | ) | (Docket No. 17) |
| | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his 2001 state court conviction and sentence. The court ordered respondent to file a motion to dismiss or indicate that such motion is not warranted. Respondent filed a motion to dismiss the petition as untimely, and petitioner filed an opposition.[1] Based upon the papers submitted, the court concludes that the petition is untimely and will DISMISS the instant petition pursuant to 28 U.S.C. §2244(d)(1). The court also will DENY petitioner motion for "summary judgment on the merits of petitioner's opposition."

**BACKGROUND**

In October 2001, petitioner entered a guilty plea in Alameda County Superior Court to

---

[1] Respondent did not file a reply.

Order Granting Respondent's Motion to Dismiss
P:\pro-se\sj.rmw\hc.05\Williams810.mtdtimgrant.wpd     1

1 robbery, and he admitted two prior "strike" convictions. (Petition at 1.) On November 16, 2001,
2 the trial court sentenced petitioner to a term of 14 years in state prison. (Id.)  No appeal was
3 filed from this conviction. On March 11, 2002, the California Department of Corrections
4 ("CDC") wrote a letter to the trial court indicating that the Abstract of Judgment needed to be
5 corrected to reflect the proper sentence and sections of the California Penal Code. (Opp. Ex. A.)
6 Based on this letter, Petitioner filed a petition for a writ of habeas corpus in the Alameda County
7 Superior Court. (Opp. at 2.) The petition was denied on August 13, 2002, the petition was
8 denied as moot because the trial court had filed a new abstract of judgment to reflect the correct
9 sentence and the appropriate code sections.[2] (Opp. Ex. C.) On November 2, 2003, petitioner
10 filed a petition for writ of mandate in the California Court of Appeal, which was construed as a
11 habeas petition and denied on November 20, 2003. (Opp. Ex. D, Mot. To Dismiss ("MTD") Ex.
12 B.) Petitioner did not file a petition or other post-conviction challenge to his conviction or
13 sentence in the California Supreme Court. On May 26, 2004, petitioner filed a "Petition for
14 Review" in the United States Court of Appeals for the Ninth Circuit, which returned the petition
15 to him the next day and informed him that it was filed in the wrong court. (Opp. Exs. E & F.)
16 Petitioner did not file the petition for review or other application for collateral review in the
17 California Supreme Court.
18     The instant federal petition was filed on May 2, 2005.

## DISCUSSION

20     The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became
21 law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a
22 writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital
23 state convictions or sentences must file petitions for relief within one year from the date on
24 which the judgment became final by the conclusion of direct review or the expiration of the time
25 for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).[3]

---

[2] Petitioner indicates that his sentence was changed to a term of 13 years. (Opp. at 2.)

[3] In rare instances, not presented by the instant petition, the limitation period may run from a date later than the date on which the judgment became final. See U.S.C. §§ 2244(d)(1)(B)-(D).

Petitioner did not file a direct appeal of his judgment. If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002). Petitioner had 60 days from the date of his judgment in which to file a direct appeal in the California Court of Appeal. Cal. Rule of Court 31(a),(d). As petitioner did not file a direct appeal within that time, his conviction became final 60 days after the judgment was rendered, or on January 15, 2002. The statute of limitations expired one year later, on January 15, 2003, and the instant petition was not filed until May 2, 2005, over two years later. Thus, absent tolling the instant petition is untimely.

Petitioner argues that he did not know about his claims until the CDC's letter in May 2002 indicating that the abstract of judgment needed to be directed, and that he thereafter challenged his sentence in the state courts. The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). Petitioner's first state habeas petition was denied in the Alameda County Superior Court on August 13, 2002. He filed his other state court petition for collateral review approximately 15 months later, on November 3, 2003, in the California Court of Appeal. Once this petition was denied, on November 20, 2003, petitioner did not seek further collateral review in the state courts. Tolling is not available based on the federal "petition for review" filed in the United States Court of Appeals for the Ninth Circuit. Duncan v. Walker, 533 U.S. 167, 180-81 (2001). Even if the limitations period were tolled until November 20, 2003, when his final state court petition for collateral review was denied, it would have expired on November 20, 2004. The instant petition would still be untimely because it was filed over five months later, on May, 2, 2005.

---

The court explains below why 28 U.S.C. § 2254(d)(1)(D) does not delay the commencement of the limitations period here, and there is no argument, or any apparent basis, for applying 28 U.S.C. §§ 2254(d)(1)(B)-(C).

1   Petitioner states that he filed his petition for review in the Ninth Circuit because he is a
2 "lay person" and not trained as a lawyer. (Opp. at 4.) A petitioner's lack of legal training or pro
3 se status is not an viable basis for equitable tolling of AEDPA's statute of limitations. <u>Raspberry</u>
4 <u>v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006). In addition, the Ninth Circuit returned the
5 petition to him the next day, and informed him that it had been filed in the wrong court. (Opp.
6 Ex. F.) Thus, at most, petitioner would be entitled to a few days of equitable tolling, which is far
7 short of the more than five months of tolling he would need to render the instant petition timely.
8 No other basis for equitable tolling is asserted or apparent from the record.
9   As the petition was filed after the limitations period expired, and sufficient tolling of the
10 limitations period is not available, the instant petition is barred as untimely under 28 U.S.C. §
11 2244(d)(1).

## CONCLUSION

13   Respondent's motion to dismiss the petition as untimely (docket no. 8) is GRANTED.
14 Petitioner's motion for "summary judgment" (docket no. 17), in which he resubmits the
15 opposition to the motion to dismiss, is DENIED. The instant petition is DISMISSED pursuant to
16 28 U.S.C. § 2244(d)(1). The clerk shall terminate all pending motions and close the file.
17   IT IS SO ORDERED.
18 DATED:  4/28/08                              *Ronald M. Whyte*
                                                RONALD M. WHYTE
19                                              United States District Judge